IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN H. WILEY, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TABB BICKELL, et al. | : | NO. 14-1361 |

ORDER

AND NOW, this 2nd day of May 2016, upon consideration of John H. Wiley, Jr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), Answer of the District Attorney of Chester County to Petition for Writ of Habeas Corpus (Doc. No. 7), Petitioner's Reply to Chester County District Attorney's Answer to Petition for Writ of Habeas Corpus (Doc. No. 8), the Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 10), Magistrate Judge Richard A. Lloret's Report and Recommendation (Doc. No. 11), Petitioner's Objections to District Magistrate Lloret's Report and Recommendation (Doc. No. 12), and an independent review of the record before the Court, it is hereby ORDERED as follows:

1. The Report and Recommendation (Doc. No. 11) is APPROVED and ADOPTED.

2. The amended petition for writ of habeas corpus (Doc. No. 10) is DISMISSED without an evidentiary hearing.

3. Petitioner's objections to the Report and Recommendation (Doc. No. 12) are OVERRULED.

4. No certificate of appealability shall issue because reasonable jurists would not debate the correctness of this Court's ruling and Petitioner has failed to make a substantial showing of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

5. The Clerk of Court is directed to close this matter for statistical purposes.

I. Background[1]

On September 22, 2009, following a two-day jury trial, Petitioner John H. Wiley, Jr. was convicted of attempted murder, aggravated assault, and possession of an instrument of crime. He was sentenced on January 11, 2010 to ten years in prison on the attempted murder charge and to five years of probation on the possession of an instrument of crime charge. He was not sentenced on the aggravated assault charge. The possession of an instrument of crime charge was eventually *nolle prossed* on April 12, 2011 because the trial judge had charged the jury on the wrong subsection of the statute, but Petitioner's conviction and sentence for attempted murder were unaffected.

Petitioner filed a timely PCRA petition on May 2, 2011. Though he was initially appointed an attorney, that attorney filed a Finley letter and was granted leave to withdraw as counsel. Petitioner filed an amended PCRA petition pro se. The PCRA court held a hearing on the petition on May 18, 2012 and denied the petition on May 31, 2012. The Superior Court affirmed the denial in July 2012, and the Pennsylvania Supreme Court denied a petition for allowance of appeal on January 21, 2014.

In March 2014, Petitioner filed this timely pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He raises the following claims: (1) counsel failed to investigate the angle of the shot, (2) counsel failed to obtain expert witnesses, (3) counsel failed to obtain mitigating evidence, (4) counsel failed to impeach the credibility of witnesses, (5) counsel failed to object to discovery violations, (6) counsel failed to object to the use of a mandatory presumption, (7) counsel failed to object to the prosecutor's bolstering the credibility of

---

[1] The following procedural summary is based on the record before the Court. The factual background is summarized in the magistrate judge's report and recommendation and thus is not recounted here.

witnesses, (8) counsel failed to object to the judge's coercive statements, and (9) counsel failed to meet to discuss appeal issues. (See Mem. Supp. § 2254 Mot. 2–11, Doc. No. 1.)

This matter was referred to Magistrate Judge Richard A. Lloret for a report and recommendation. (See May 6, 2014 Order, Doc. No. 6.) Respondents answered Petitioner's habeas petition on May 7, 2014. Petitioner then filed an amended habeas petition on December 29, 2014 without seeking leave to do so and without written consent from Respondents. In his amended petition, he raised the following additional claims: (1) counsel failed to object to an improper jury instruction, (2) counsel failed to request a proper lesser included offense instruction, (3) all of the claims of ineffective assistance of counsel taken together constituted "cumulative error," (4) the prosecutor made false statements to the jury, and (5) Petitioner did not have a fair and impartial PCRA hearing. (Amended Pet. under 28 U.S.C. § 2254 for Writ of Habeas Corpus 9–10, 13–14, 20, 29, Doc. No. 10.)

On December 30, 2015 Magistrate Judge Lloret issued a report and recommendation in which he recommended that the Court dismiss the habeas petition. (See R. & R. 1, Doc. No. 11.) Petitioner objected to the Report and Recommendation on several grounds. The Court overrules Petitioner's objections and adopts the report and recommendation for the reasons outlined below.

## II. Legal Standard

*A. AEDPA and the habeas petition*

Petitioner's application for federal habeas review of his state conviction is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The scope of federal review of a habeas petition is limited both by principles of federalism and by AEDPA's deferential standard of review. At a minimum, federalism and comity require that a state court have a chance to rule on

a petitioner's claims before a federal court steps in.  See Coleman v. Thompson, 501 U.S. 722, 730–31 (1991).

AEDPA sets forth the standard of review that a federal court must apply to a timely, properly exhausted claim.  This standard is intentionally "difficult to meet," in light of the deference due to state courts under AEDPA.  Harrington v. Richter, 562 U.S. 86, 102 (2011).  If a state court has adjudicated a habeas applicant's claim on the merits, the reviewing federal court must generally defer to the state court adjudication, except in narrow circumstances.  Section 2254(d)(1) of Title 28 of the United States Code established two distinct paths for the invalidation of a state conviction on federal habeas review.  First, federal habeas relief is warranted if a state conviction is "contrary to . . . clearly established Federal law."  28 U.S.C. § 2254(d)(1).  This path applies when a state court's actions are "diametrically different" or "mutually opposed" to clearly established law.  Williams v. Taylor, 529 U.S. 362, 406 (2000) (internal quotation marks omitted).  Second, federal habeas relief is appropriate if the state conviction "involve[s] an unreasonable application of[] clearly established Federal law."  28 U.S.C. § 2254(d)(1).  This path encompasses instances in which the state court applied the proper Supreme Court precedent to specific facts in an objectively unreasonable way or where the court unreasonably extended (or refused to extend) a clearly established rule.  Williams, 529 U.S. at 408–09.

Alternatively, under 28 U.S.C. § 2254(d)(2), federal courts may grant habeas relief based on claims previously resolved in a state proceeding if the state adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Factual determinations made by state courts are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear

and convincing evidence.  Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000).  This presumption of correctness applies to factual determinations made by both state trial and appellate courts.  E.g., Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001).

*B. Reviewing a report and recommendation*

When assessing a magistrate judge's report and recommendation, the reviewing court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

III. Discussion

*A. The amended habeas petition*

As an initial matter, the Court agrees with the magistrate judge's conclusion regarding Petitioner's amended petition.  Petitioner filed his initial habeas petition within the one-year grace period under AEDPA, and he filed his amended petition before that period expired.  In accordance with the directive under Federal Rule of Civil Procedure 15 to "freely give leave [to amend] when justice so requires," the Court grants Petitioner leave to amend the habeas petition.  The Court therefore considers the claims raised in the amended petition.

*B. Petitioner's objections to the report and recommendation*

Petitioner raises numerous objections to the report and recommendation, mostly repeating the arguments he set forth in his habeas petition.  The Court addresses each objection in turn.

    1.  <u>The PCRA proceeding was defective, so another evidentiary hearing is warranted</u>

Petitioner's first objection encompasses a convoluted series of related arguments.  He argues that the magistrate judge erred by "stat[ing] that most of the petitioner's claims should be

dismissed due to his failure to question his former trial counsel at the PCRA hearing as to her reasons for her trial decisions and thus counsel is presumed to be effective." (Objs. 1.) Petitioner's basic contention appears to be that his PCRA hearing was procedurally inadequate because the judge acted improperly, including by failing to explain PCRA procedures to Petitioner. (See Objs. 1–4.) According to Petitioner, because the hearing was defective, this Court should reject the magistrate judge's recommendation with respect to Petitioner's ineffective assistance of counsel claim, and he should be given an opportunity, through another evidentiary hearing, to further develop his claims. (Obs. 4.)

To the extent that Petitioner separately challenges the procedural adequacy of his PCRA hearing, this Court may not consider his claim. "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation." See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998); see also Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("[H]abeas proceedings are not the appropriate forum . . . to pursue claims of error at the PCRA proceeding. . . . It is the original trial that is the 'main event' for habeas purposes."). Accordingly, this Court will not entertain Petitioner's objection with respect to the adequacy of his PCRA hearing.

Additionally, a new evidentiary hearing is unwarranted. AEDPA permits evidentiary hearings on habeas review only in limited circumstances. See 28 U.S.C. § 2254(e). Section 2254(e) specifically bars a district court from holding an evidentiary hearing if the petitioner did not diligently attempt to develop a factual basis for his claim in the state court proceedings. Id.; accord Williams v. Taylor, 529 U.S. 420, 430 (2000). But even if an evidentiary hearing is permissible, the decision to grant a hearing is squarely within the district court's discretion.

Schriro v. Landrigan, 550 U.S. 465, 468 (2007).  In exercising this discretion, the district court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  Id. at 474.  In other words, the district court should determine "whether the petition presents a *prima facie* showing which, if proven, would enable the petitioner to prevail on the merits of the asserted claim."  Palmer v. Hendricks, 592 F.3d 386, 393 (3d Cir. 2010).  However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  Schriro, 550 U.S. at 474.  The Third Circuit has emphasized that, in assessing whether an evidentiary hearing is necessary, "'courts [should] focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim.'"  Williams v. Beard, 637 F.3d 195, 211 (3d Cir. 2011) (alteration in Williams) (quoting Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000)).

   Petitioner received an evidentiary hearing in the state PCRA proceeding and already had ample opportunity to develop his claims, as the transcript of the PCRA proceeding makes clear.  Petitioner admits that he did not present evidence at the hearing, enter exhibits into the Court record, or call witnesses.  (Objs. 2–4.)  Yet he argues that, because he was pro se and unfamiliar with legal proceedings, this Court should excuse his failure to develop a factual record.  (See Objs. 2–4.)  A petitioner's pro se status does not, however, discharge the burden under § 2254(e) of diligently developing one's claims, and this Court is not permitted to give Petitioner a second opportunity to submit additional evidence when Petitioner himself failed to develop necessary facts.  The record reveals that Petitioner could have introduced relevant evidence or called a witness to testify; it does not suggest that the PCRA court prevented Petitioner from developing

7

his claims. Though Petitioner argues otherwise, the PCRA court had no duty to "walk him through the procedural requirements." See, e.g., Jones v. Rudenstein, 585 A.2d 520, 522 (Pa. Super. Ct. 1991). His lack of diligence was unjustified. Further, Petitioner has not established a prima facie showing that, if proven, would enable him to prevail on the merits of his ineffective assistance of counsel claim. The Court thus denies Petitioner's request for an evidentiary hearing.

      2. Petitioner's objections with respect to his ineffective assistance of counsel claims

Petitioner next objects to the recommendation that this Court deny Petitioner's numerous ineffective assistance of counsel claims. Claims of ineffective assistance of counsel are evaluated through the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the defendant must demonstrate that counsel's performance was deficient and that the deficient performance caused prejudice. Id. at 687. The evaluation of an attorney's performance "is highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 688–89. To demonstrate prejudice, a defendant must establish that there is a "reasonable probability" that "the result of the proceeding would have been different" had counsel's performance been adequate. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. When evaluating a Strickland claim in a habeas proceeding, a district court should consider whether the state court's application of the federal standard was unreasonable. See Harrington, 562 U.S. at 100.

Petitioner again makes a series of arguments against the magistrate judge's recommendation, but, since Petitioner's arguments are interrelated, the Court considers his objections with respect to counsel's performance at once. Petitioner's main contention is that

this Court should not defer to the PCRA court's finding that Petitioner failed to present any evidence to rebut the presumption that counsel was effective.  (See Objs. 5–9.)  Petitioner also cites a now defunct Ninth Circuit case, Richter v. Hickman 578 F.3d 944 (9th Cir. 2009), reversed by Harrington v Richter, 562 U.S. 86 (2011), to support his claim that a court may not engage in post hoc rationalization when an attorney has not offered a strategic reason for failing to perform a duty.  (Objs. 6.)  He also repeats the arguments presented in his habeas petition.  (See Objs. 5–9.)

      After reviewing the relevant records, this Court agrees with the magistrate judge's recommendation.  Petitioner has not asserted a colorable claim that his counsel was ineffective and acted outside of the broad range of reasonable professional conduct.  Petitioner failed to establish either of the Strickland prongs: Petitioner merely disagrees with his trial counsel's strategic exercise of her professional judgment, and he has not demonstrated that the outcome of the proceedings would have changed if his counsel had acted any differently.  The Court agrees with the magistrate judge that the PCRA court's stated reasons for finding that Petitioner's claims lack merit constituted a reasonable application of federal law.  The magistrate judge was also correct in recommending that this Court defer to the Superior Court's finding that Petitioner had failed to present any evidence to rebut the presumption that his counsel was effective.  As discussed above, Petitioner presented limited evidence at his PCRA hearing.  He accordingly did not satisfy his heavy burden under Strickland, so this Court may not depart from the state court's decision.  Finally, Petitioner's argument under Richter is unpersuasive.  As the Harrington Court summarized, "Although courts may not indulge '*post hoc* rationalization' for counsel's decisionmaking that contradicts the available evidence . . . , neither may they insist counsel confirm every aspect of the strategic basis for his or her actions.  There is a strong presumption

9

that counsel's attention to certain issues to the exclusion of others reflects trial tactics . . . ." 562 U.S. at 109 (citations omitted). Here, counsel's strategic choices are supported by the record. In light of the strong presumption that counsel's representation was effective—and Petitioner's failure to rebut that presumption—his objections with respect to this claim are overruled.

      3. <u>Petitioner's objections related to his prosecutorial misconduct claims</u>

Petitioner next objects to the magistrate judge's recommendation that the Court deny Petitioner's prosecutorial misconduct claims. (Objs. 10–11.) According to the magistrate judge, the state court's application of federal law with respect to Petitioner's <u>Brady</u> claim was reasonable. (R. & R. 14.) The state court decided the remaining claims—namely, that the prosecutor improperly bolstered witnesses' credibility, used a mandatory presumption to make up for lack of evidence of intent, and made false statements to the jury regarding witness testimony—through state law; since a federal court must accept the state court's interpretation of state law, this Court should defer to the state court on this point as well. (R. & R. 14 (citing <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005).)

Petitioner objects to the report and recommendation, but merely repeats the arguments he raised in his habeas petition. The magistrate judge already gave full and fair consideration to Petitioner's arguments, and the Court agrees with the report and recommendation. The state court's application of <u>Brady</u> was reasonable, and, under <u>Bradshaw</u>, this Court must defer to the state court's interpretation of state law. This Court's independent review of the record gives no indication that the state court's factual determinations were unreasonable: there was no misconduct on the part of the prosecutor. Petitioner has provided no basis for rejecting the report and recommendation or the state court's ruling with respect to his prosecutorial misconduct claims. The Court therefore overrules Petitioner's objections.

4. <u>Petitioner's objections with respect to his judicial misconduct claims</u>

Finally, Petitioner objects to Magistrate Judge Lloret's recommendation concerning Petitioner's claims of judicial misconduct both during his trial and during the PCRA hearing. The magistrate judge recommended denial of Petitioner's claims on the basis that Petitioner had failed to meet the standard for demonstrating judicial misconduct—specifically, by establishing actual bias and unfair treatment. (R. & R. 14–15.)

Once again, Petitioner merely repeats arguments presented in his habeas petition and that were fully and fairly assessed in the report and recommendation. This Court has already addressed Petitioner's claims regarding his PCRA hearing—specifically, a federal habeas proceeding is not the proper forum in which to examine the fairness of collateral proceedings. This Court will not consider Petitioner's claims on this point. With respect to Petitioner's allegations of judicial misconduct during his trial, a review of the record clearly supports the magistrate judge's recommendation and the state court's ruling. Petitioner faults the trial judge for properly managing his courtroom and the proceedings before him, but proper conduct does not present a basis for habeas relief. Petitioner's objections on this point are overruled.

IV. Conclusion

For the reasons stated above, it is ORDERED as follows:

1. The Report and Recommendation (Doc. No. 11) is APPROVED and ADOPTED.

2. The amended petition for writ of habeas corpus (Doc. No. 10) is DISMISSED without an evidentiary hearing.

3. Petitioner's objections to the Report and Recommendation (Doc. No. 12) are OVERRULED.

4. No certificate of appealability shall issue because reasonable jurists would not debate the correctness of this Court's ruling and Petitioner has failed to make a substantial showing of the denial of a constitutional right. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

5. The Clerk of Court is directed to close this matter for statistical purposes.

.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.